Chief Judge Fuld (dissenting in part).
I agree with Justice McNally, dissenting below, that the plaintiff is entitled not only to recover damages but also to a permanent injunction against continuance of the defendant publisher’s wrong.
There was a continuing obligation on the publisher’s part to use its “best efforts” to promote the object of the agreement between the parties, that is, to create a market for the plaintiff’s books and to supply that market with its books. The defendant not only failed to use its best efforts but purposefully channeled those efforts into another and competing source that was more profitable for it. It created a market for its own books to the plaintiff’s great detriment and to its own advantage. Whereas it paid the plaintiff a royalty of 15%, its obligations to the supplier of the new work entailed a payment of less than 3%. It also assumed the more favorable status of *48 copyright owner of the new works, whereas the plaintiff was copyright owner of the original works. Both were intended for the same limited market; to the extent that one supplied that market, it necessarily replaced the other.
As a result of the defendant’s deliberate undermining of the objectives of its agreement with the plaintiff, the only way to insure the plaintiff’s unimpeded access to the market for its books and to prevent the defendant from taking advantage of its wrong—by replacing the plaintiff’s books with its own — is by enjoining the further distribution of the defendant’s books. Any resulting hardship to the defendant, directly or in its contractual relationship with third parties, has stemmed from the defendant’s own wrongful conduct.
It is not necessary to decide whether or not the defendant’s obligation to the plaintiff was a “ fiduciary ” one. It is sufficient that it was one which required a high degree of fair dealing which'the defendant wholly and willfully disregarded for its own benefit. In my view, therefore, the trial court was entirely justified in concluding that damages, under the circumstances of this case, would be inadequate and that, as a consequence, injunctive relief was appropriate. Accordingly, I would modify the order appealed from to the extent of reversing so much thereof as denied injunctive relief.
Judges Burke, Scileppi, Breitel and Gibson concur with Judge Bergan ; Chief Judge Fuld dissents in part and votes to modify in a separate opinion in which Judge Jasen concurs.
Order affirmed, with costs, to abide the event. Questions certified answered in the affirmative.